UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN DAVIS,

        Petitioner,

v.                                        Case Number: 08-CV-13196
                                            Honorable George Caram Steeh

MARY BERGHUIS,

        Respondent.
                                         /

**OPINION AND ORDER
GRANTING RESPONDENT'S MOTION TO DISMISS THEREBY DISMISSING
PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND
DENYING PETITIONER'S MOTION TO AMEND CAPTION AS MOOT**

      Petitioner Martin Davis, a Michigan state inmate, currently incarcerated at the West Shoreline Correctional Facility in Muskegon Heights, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On October 30, 2006, Petitioner pleaded guilty to larceny from a person, MICH. COMP. LAWS § 750.357, in the Wayne County, Michigan, circuit court.  On November 14, 2006, Petitioner was sentenced, as a habitual offender, second, to four-to-fourteen-years imprisonment.  Respondent has filed a motion to dismiss Petitioner's petition because the petition contains two unexhausted claims.  For the reasons stated below, the Court will dismiss the petition without prejudice so that Petitioner may return to state court to exhaust those claims.

I.

Subsequent to Petitioner's plea, he filed a delayed application for leave to appeal with the Michigan Court of Appeals, raising the following claims:

> I.   The trial court's assessment of fifteen points for OV-1 [pointing firearm] and twenty-five points for OV-13 [pattern of criminal behavior] was error resulting in a higher guidelines range than was supported by the record, and the negotiated sentence imposed thus was an unsupported departure necessitating reversal and re-sentencing.
>
> II.  Further, [Petitioner] was denied his Sixth Amendment right to the effective assistance of counsel at sentencing through counsel's failure to object to the erroneous scoring and failure to protect [Petitioner's] constitutional rights in the plea negotiations.

On December 18, 2007, the Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *People v. Martin Davis*, No. 281958 (Mich.Ct.App. Dec. 18, 2007). Following, Petitioner filed an application for leave to appeal with the Michigan Supreme Court, raising the same claims as raised in the Michigan Court of Appeals. Petitioner also filed an amendment to that application, adding the following claim:

> I   Where [Petitioner] was in custody at the time the detective conducted a photo line-up rather than a live line-up, where the photo of [Petitioner] which was used was clearly suggestive, and where the witness never identified [Petitioner] as the robber, or even showed up at a single court hearing, [Petitioner] was denied his right to due process, as well as his right to confrontation, therefore the photo identification should be suppressed, and [Petitioner] should be remanded to court for a new trial.

On May 27, 2008, the Michigan Supreme Court denied leave to appeal because it was "not persuaded that the questions presented should be reviewed by this Court." *People v. Martin Davis*, 481 Mich. 877, 748 N.W.2d 827 (2008).

Petitioner subsequently filed the pending petition for a writ of habeas corpus but did not attach a brief. Rather, Petitioner attached some of the briefs that were filed in the Michigan

-2-

Court of Appeals and the Michigan Supreme Court. From those attached pleadings, it appears that Petitioner is attempting to raise the following claims in his habeas petition: (1) sentencing guideline errors; (2) ineffective assistance of trial counsel; (3) no independent basis for a witness's identification at a pre-trial evidentiary hearing; and (4) ineffective assistance of appellate counsel. In her motion to dismiss, Respondent argues that Petitioner's third and fourth claims for habeas-corpus relief are unexhausted. The Court agrees.

II.

A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal-habeas-corpus relief. *Welch v. Burke*, 49 F.Supp.2d 992, 998 (E.D.Mich. 1999). Therefore, a prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state-court remedies. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir.1994). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160. Exhaustion requires that a petitioner provide the state courts with the opportunity to correct any constitutional violations by invoking "one full round" of the state's appellate-review process. *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993). Federal-habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state-court adjudication of his claims resulted in a decision that was contrary to, or an unreasonable application of, clearly established Supreme Court precedent. *See* 28 U.S.C. § 2254(d).

Therefore, in this case, the state courts must first be given a fair opportunity to rule upon Petitioner's habeas claims before he can present those claims to this Court. *Mohn v. Bock*, 208

F.2d 796, 800 (E.D.Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). Otherwise, the Court cannot apply the 28 U.S.C. § 2254(d) standard.

The Sixth Circuit has identified four actions that a petitioner can take which are significant to the determination of whether he has properly asserted both the factual and legal bases for his or her claim, *i.e.*, "fairly presented" that claim: (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon states cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law. *Whiting v. Burt*, 395 F.3d 602, 612 (6th Cir. 2005). General allegations of the denial of rights to a fair trial and due process do not fairly present claims that federal constitutional rights were violated. *Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006)

A prisoner who has not yet exhausted his or her state court remedies may file a " 'protective' petition in federal court and ask[ ] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 409, 416 (2005) (citing *Rhines v. Weber*, 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending the resolution of state court post-conviction proceedings, provided there is "good cause" for failure to exhaust the claims and that the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 278.

The exhaustion requirement may be excused where there is no opportunity to obtain relief in state court, or if the process to do so is so deficient as to render futile any effort to obtain relief in state court. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). Thus, the Court must consider whether Petitioner has an avenue available for exhaustion of those unexhausted claims in state

court.

The Michigan Court Rules provide a process through which Petitioner may raise his unexhausted claims. Petitioner can file a motion for relief from judgment pursuant to Mich. Ct. R. 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing on Petitioner's claim. Petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court. Petitioner's unexhausted claims should be addressed to, and considered by, the state courts in the first instance so the state courts will have an opportunity to decide those issues.

Accordingly, the Court will dismiss the petition without prejudice for failure to exhaust state-court remedies. Petitioner may move to reopen this matter upon exhausting his state-court remedies. In order not to "'jeopardize the timeliness of a collateral attack,' *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (quoting *Zarvela v. Artuz*, 254 F.3d 374, 380 (2nd Cir. 2001)), the Court shall dismiss the petition without prejudice and the one-year limitations period shall be tolled from the date Petitioner filed his petition until Petitioner returns to federal court. This tolling of the limitations period is conditioned upon Petitioner pursuing exhaustion of state-court remedies within sixty (60) days from the date of this order and returning to federal court within sixty (60) days of exhausting his state-court remedies.

III.

For the foregoing reasons, **IT IS ORDERED** that Respondent's Motion to Dismiss is **GRANTED** [dkt. # 10] and the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE** [dkt. # 1].

**IT IS FURTHER ORDERED** that the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) shall be tolled from the date Petitioner filed the pending petition until the time Petitioner returns to federal court to pursue habeas relief, provided that Petitioner pursues exhaustion of state-court remedies within sixty (60) days from the date of this order and seeks leave to reopen these habeas-corpus proceedings within sixty (60) days of exhausting state-court remedies.

**IT IS FURTHER ORDERED** that Petitioner's "Motion to Amend Caption" is **DENIED** as moot [dkt. # 12].

Dated:  February 19, 2009

                                            S/George Caram Steeh
                                            GEORGE CARAM STEEH
                                            UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 19, 2009, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---